No. 24-4723

_____

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSIE CHAVEZ-ECHEVERRIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the District of Oregon
No. 3:23-cr-00144-HZ-1
The Honorable Marco A Hernandez

_____

BRIEF OF APPELLANT

_____

Erin J. Severe, OSB 095127
Research & Writing Attorney
Tihanne K. Mar-Shall, OSB 224504
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204
(503) 326-2123

Attorneys for Defendant-Appellant

# TABLE OF CONTENTS

**Page**

Introduction ..................................................................................................1

Jurisdictional Statement ...............................................................................1

Statutory Authorities....................................................................................2

Issue Presented .............................................................................................2

Statement Of The Case .................................................................................2

        A.    Relevant Factual History and Course of Proceedings ...............2

        B.    The Parties' Arguments and the Sentencing Court's
               Ruling. .............................................................................4

Standard of Review.......................................................................................7

Summary of Argument .................................................................................7

Argument.......................................................................................................7

    I.    Mr. Chavez-Echeverria's conviction for attempted first-degree
        assault was not a crime of violence because Oregon defines the
        inchoate crime of attempt more broadly than the applicable
        federal definition..................................................................................8

        A.    A. The "attempted use" of physical force in § 4B1.2
               incorporates the probable desistance test, which is
               narrower than the test established by the Model Penal
               Code commentary adopted by Oregon. ...................................11

        B.    Oregon defines "substantial step" in Or. Rev. Stat.
               § 161.405(1) consistently with the Model Penal Code
               commentary; that construction has not changed. ....................17

Conclusion...................................................................................................23

i

Statement Of Related Cases ..................................................................24

Addendum .......................................................................... Addendum-1

# TABLE OF AUTHORITIES

**Page**

## SUPREME COURT OPINIONS

*Borden v. United States*,
593 U.S. 420 (2021) ....................................................... 10

*Johnson v. United States*,
559 U.S. 133 (2010) ....................................................... 10

*Shular v. United States*,
589 U.S. 154 (2020) ......................................................... 9

*Stokeling v. United States*,
586 U.S. 73 (2019) ........................................................... 9

*Taylor v. United States*,
495 U.S. 575 (1990) ......................................................... 9

## FEDERAL COURT OPINIONS

*Hernandez-Cruz v. Holder*,
651 F.3d 1094 (9th Cir. 2011) ................................... 12, 13

*United States v. Buffington*,
815 F.2d 1292 (9th Cir. 1987) .................... 13, 14, 15, 16

*United States v. Castro*,
71 F.4th 735 (9th Cir. 2023) ......................................... 7

*United States v. Dominguez*,
954 F.3d 1251 (9th Cir. 2020) ..................................... 13

*United States v. Door*,
917 F.3d 1146 (9th Cir. 2019) ....................................... 9

*United States v. Edling*,
895 F.3d 1153 (9th Cir. 2018) ....................................... 9

*United States v. Garcia-Jimenez,*
807 F.3d 1079 (9th Cir. 2015) ........................................ 12

*United States v. Goetzke,*
494 F.3d 1231 (9th Cir. 2007) (per curiam) ....................... 11, 12, 18

*United States v. Harper,*
33 F.3d 1143 (9th Cir. 1994) ........................................ 15, 16

*United States v. Linehan,*
56 F.4th 693 (9th Cir. 2022) ........................................ 5, 11

*United States v. Mandujano,*
499 F.2d 370, 376 (5th Cir. 1974)) ................................ 13

*United States v. Nelson,*
66 F.3d 1036 (9th Cir. 1995) ........................................ 12

*United States v. Plenty Arrows,*
946 F.2d 62 (8th Cir. 1991) ........................................ 14-15

*United States v. Saavedra-Velazquez,*
578 F.3d 1103 (9th Cir. 2009) ...................................... 12

*United States v. Scott,*
767 F.2d 1308 (9th Cir. 1985) ...................................... 14

*United States v. Smith,*
962 F.2d 923 (9th Cir. 1992) ........................................ 11

*United States v. Still,*
850 F.2d 607 (9th Cir. 1988) ........................................ 14, 15, 16

*Walters v. Maass,*
45 F.3d 1355 (9th Cir. 1995) ........................... 11, 12, 14, 15, 16, 18

## UNITED STATES CODE

18 U.S.C. § 373 ........................................................ 11

18 U.S.C. § 841(c) ..................................................... 2

18 U.S.C. § 922 ...................................................... 1, 4, 7

18 U.S.C. § 3231 ............................................................... 1

18 U.S.C. § 3553(a) .......................................................... 7

26 U.S.C. § 5845(a) ....................................................... 2, 3

28 U.S.C. § 1291 ............................................................. 1

## STATE CASES

*State v. Hubbell*,
    371 Or. 340, 537 P.3d 503 (2023) ............................................. 6, 21

*State v. Jessen*,
    162 Or. App. 662, 986 P.2d 684 (1999) ................................... 21, 22

*State v. Kimbrough*,
    364 Or. 66, 431 P.3d 76 (2018) ............................................ 6, 19, 20

*State v. Kyger*,
    369 Or. 363, 506 P.3d 376 (2022) ......................................... 20, 21

*State v. McJunkin*,
    27 Or. App. 401, 556 P.2d 164 (1976) ........................................ 22

*State v. Moore*,
    194 Or. 232, 241 P.2d 455 (1952) ............................................. 17, 24

*State v. Muzzy*,
    190 Or. App. 306, 79 P.3d 324 (2003) .......................................... 21

*State v. Rinkin*,
    141 Or. App. 355, 917 P.2d 1035 (1996) ................................... 5, 21, 22

*State v. Walters*,
    311 Or. 80, 804 P.2d 1164 (1991) ............................................. 5, 17

## STATE STATUTES

Or. Rev. Stat. § 136.465 ...........................................................3

Or. Rev. Stat. § 161.405 ................................... 1, 3, 7, 8, 12, 17, 18, 21

v

Or. Rev. Stat. § 163.185(1)(a) ........................................................ 1, 3, 8

Or. Rev. Stat. § 475.752(1) ................................................................. 21

## RULES

Fed. R. App. P. 4(b) .......................................................................... 1

Fed. R. App. P. 29(a)(5) ..................................................................... 4

Fed. R. App. P. 32 .............................................................................. 4

## OTHER

Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 54 (July 1970) .......................................................... 18-19

Model Penal Code § 5.01(2) ............................................................ 16

U.S.S.G. § 2K2.1 ................................................................. 6, 7, 8, 22, 2

U.S.S.G. § 4B1.2 ........................................................... 4, 8, 9, 10, 11

Wayne R. LaFave, Substantive Criminal Law § 11.4 (2024) ................... 13, 15, 16

## INTRODUCTION

This criminal appeal raises a single sentencing issue: Did the district court err in ruling that Mr. Chavez-Echeverria's prior Oregon conviction for attempted first-degree assault constituted a crime of violence for purposes of increasing his base offense level under United States Sentencing Guideline § 2K2.1(a)?

The district court erred. Mr. Chavez-Echeverria's prior conviction was not a "crime of violence" because Oregon defines attempt for purposes of the inchoate crime of attempt, Or. Rev. Stat. § 161.405, more broadly than the federal definition of attempt incorporated into the Guidelines. This Court should vacate his sentence and remand for resentencing.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291. Mr. Chavez-Echeverria timely filed notice of appeal on August 1, 2024, from the district court judgment entered on August 1, 2024. 1-ER-4, 42; Fed. R. App. P. 4(b).

Mr. Chavez-Echeverria is in state custody serving a concurrent state sentence. His earliest state release date is May 13, 2026.[1]

---

[1] https://visor.oregon.gov/ (last visited February 14, 2025).

1

## STATUTORY AUTHORITIES

All relevant statutory authorities appear in the Addendum to this brief.

## ISSUE PRESENTED

To qualify as a crime of violence under the Guidelines' force clause, a prior conviction must necessarily include the "attempted use" of physical force. That requires a defendant to take a "substantial step," as federally defined, toward the use of force. Mr. Chavez-Echeverria has a prior Oregon conviction for the inchoate crime of attempted first-degree assault. Oregon's definition of "substantial step" for the inchoate crime of attempt is broader than the federal definition. Did the district court err in classifying Mr. Chavez-Echeverria's prior conviction as a crime of violence?

## STATEMENT OF THE CASE

This is a direct appeal from Mr. Chavez-Echeverria's conviction and sentence following his guilty plea for felon in possession of a firearm.

### A.    Relevant Factual History and Course of Proceedings

On September 10, 2021, on remand from the state appellate court, Mr. Chavez-Echeverria pleaded guilty and was sentenced to attempted first-degree

2

assault, Or. Rev. Stat. §§ 163.185(1)(a), 161.405, a Class B felony under Oregon law. 1-ER-114.[2]

Under Oregon law, a person is guilty of the inchoate crime of attempt if the person "intentionally engages in conduct which constitutes a substantial step toward commission of the crime." Or. Rev. Stat. § 161.405. In this case, Mr. Chavez-Echeverria was convicted of attempting to cause "serious physical injury to another by means of a . . . dangerous weapon." Or. Rev. Stat. § 163.185(1)(a). 1-ER-111, 114.

Mr. Chavez-Echeverria also has two state convictions for third-degree assault from 2015, one of which was punishable by more than one year in prison

---

[2]     In its briefing in the district court, the government incorrectly characterized the attempted first-degree assault conviction as a lesser-included offense of Mr. Chavez-Echeverria prior conviction for attempted murder (Count 1 in a four-count indictment), which was reversed by the state appellate court. 1-ER-93. On remand Counts 1, 3, and 4 were dismissed, and Mr. Chavez-Echeverria pleaded guilty to attempted first-degree assault as a lesser included of the first-degree assault charged in Count 2. 1-ER-114; *see also* Or. Rev. Stat. § 136.465 (stating when a verdict may be entered for a lesser-included offense)

3

and was conceded to qualify as a predicate "crime of violence." PSR-17-18; 1-ER-107-110. Neither third-degree assault conviction is at issue on appeal.[3]

In 2024, Mr. Chavez-Echeverria pleaded guilty to the federal offense of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). 1-ER-118-31.

## B.     The Parties' Arguments and the Sentencing Court's Ruling.

The primary issue before the sentencing court was whether Mr. Chavez-Echeverria's attempted first-degree assault conviction constituted a "crime of violence" for purposes of increasing his base offense level from 22 to 26, and his recommended net sentencing range from 70-87 months to 108-135 months. Mr. Chavez-Echeverria objected to the presentence report's calculation of his base offense level, disagreeing with the claim that he had two prior crimes of violence rather than one. PSR-42-43.

Mr. Chavez-Echeverria argued that, applying the categorial approach, his conviction for attempted first-degree assault did not constitute a crime of violence within the force clause of U.S.S.G. § 4B1.2(a)(1). PSR-42. He argued that although the applicable state and federal standards for attempt are facially similar in that

---

[3]     The indictment incorrectly lists the case number for the predicate third-degree assault conviction as C152054CR; it should be C152304CR. 1-ER-100, 149.

both require a "substantial step," Oregon defines "substantial step" to include a broader range of conduct than what is included within the applicable federal definition. PSR-42. Specifically, Mr. Chavez-Echevarria argued that the federal definition for "substantial step" for purposes of attempt is the "probable desistance" approach. PSR-42, 1-ER-35 (citing, *inter alia*, *United States v. Linehan*, 56 F.4th 693, 702 (9th Cir. 2022)). He argued that Oregon had adopted the Model Penal Code commentary, which defines "substantial step" broadly to include conduct that would be insufficient to constitute an attempt under that federal standard. PSR-42-43 (citing *State v. Walters*, 311 Or. 80, 85, 804 P.2d 1164 (1991); *State v. Rinkin*, 141 Or. App. 355, 917 P.2d 1035 (1996)). Because the Model Penal Code approach adopted by Oregon encompasses a broader range of conduct than the federal "probable desistance" definition, Mr. Chavez-Echeverria argued that his attempted first-degree assault conviction did not qualify as a crime of violence under the Guidelines. PSR-42; 1-ER-84-86, 1-ER-16-19.

The district court ruled against Mr. Chavez-Echeverria, but did not address his argument about the scope of Oregon's attempt statute. That is, the district court did not consider whether Oregon's test for a substantial step is broader than the federal probable desistance test described in *Linehan*. Instead, the district court focused on whether Oregon's definition of attempt was overbroad compared to the

5

federal definition for a different (unargued) reason based on a recent Oregon Supreme Court decision addressing whether the bare act of solicitation constitutes an attempt under Oregon law. 1-ER-44-49 (describing caselaw pre- and post-dating *State v. Kimbrough*, 364 Or. 66, 431 P.3d 76 (2018) and *State v. Hubbell*, 371 Or. 340, 537 P.3d 503 (2023)).

The district court ruled that because Mr. Chavez-Echeverria had not identified a "realistic probability" that an act of *solicitation* would be sufficient to constitute an attempt under Oregon law, he had failed to show that Oregon's attempt statute sweeps more broadly than federal generic attempt:

> "Defendant does not identify any cases that have not been overruled or called into question . . . to support his assertion that *solicitation is a substantial step* under § 161.405(1). In light of the rulings discussed above, the Court finds Defendant has not established a "realistic probability" of overbroad application of § 161.405(1) post *Kimbrough*, *Hubbell* . . . The Court, therefore, concludes § 161.405(1) does not sweep more broadly than federal generic attempt post *Kimbrough*, *Hubbell*. . . . As a result, there is a categorial match between § 161.405(1) and federal generic attempt. Accordingly, Defendant's Oregon conviction for attempted assault I qualifies as a crime of violence under USSG § 2K2.1(a)(1)."

1-ER-52 (emphasis added).

At sentencing, the district court deemed Mr. Chavez-Echevarria to have two prior crimes of violence under U.S.S.G. § 2K2.1(a)(1) and calculated his total offense level as 29, resulting in an applicable guideline

range of 108 to 135 months. PSR-5. The court varied downward from that range under 18 U.S.C. § 3553(a) to impose a sentence of 80 months' prison. 1-ER-5.

## STANDARD OF REVIEW

Whether a prior offense constitutes a crime of violence under the Sentencing Guidelines is legal question that this Court reviews de novo. *United States v. Castro*, 71 F.4th 735, 737 (9th Cir. 2023).

## SUMMARY OF ARGUMENT

Mr. Chavez-Echeverria's prior conviction for attempted first-degree assault is not a predicate "crime of violence" because Oregon defines "attempt" for purposes of Or. Rev. Stat. § 161.405 consistently with the commentary to the Model Penal Code. That commentary defines a "substantial step" more broadly than how a substantial step is defined in federal law for purposes of the Sentencing Guidelines' force clause. Consequently, this court should vacate the sentence and remand to the district court for resentencing

## ARGUMENT

A defendant's base offense level for a conviction of felon in possession of a firearm, 18 U.S.C. § 922(g), is governed by U.S.S.G. § 2K2.1. That guideline provides for base offense level of 26 if, among other criteria, the defendant has two

7

prior felony convictions for a "crime of violence." U.S.S.G. § 2K2.1(a)(1), (3) (providing for a base offense level of 26 if the defendant has at least two crime of violence convictions and a base offense level of 22 if the defendant has one prior conviction for a crime of violence).

As relevant here, a "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (1) has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a). Here, Mr. Chavez-Echeverria's conviction for attempted first-degree assault is not a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(2) because it did not have as an element the "attempted use . . . of physical force against the person of another."

## I. Mr. Chavez-Echeverria's conviction for attempted first-degree assault was not a crime of violence because Oregon defines the inchoate crime of attempt more broadly than the applicable federal definition.

Oregon's first-degree assault statute provides, in relevant part:

(1) A person commits the crime of assault in the first degree if the person:

(a) Intentionally causes serious physical injury to another by means of a deadly or dangerous weapon[.]

Or. Rev. Stat. § 163.185. Oregon's attempt statute, Or. Rev. Stat. § 161.405(1), provides, in relevant part:

8

A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime.

The Sentencing Guidelines define a "crime of violence" as, *inter alia*, "any offense under federal or state law . . . that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a). This provision is commonly referred to as either the "elements clause," *United States v. Edling*, 895 F.3d 1153, 1155 (9th Cir. 2018), or the "force clause," *United States v. Door*, 917 F.3d 1146, 1150 (9th Cir. 2019).

To determine whether a state offense constitutes a crime of violence, courts apply the now-familiar "categorical approach" explained in *Taylor v. United States*, 495 U.S. 575 (1990); *Door*, 917 F.3d at 1150. If the crime of conviction "necessarily requires" the conduct identified in the elements clause—that is, "the use, attempted use, or threatened use of physical force against the person of another"—then the crime meets the definition of a crime of violence under U.S.S.G. § 4B1.2(a). *Shular v. United States*, 589 U.S. 154, 161 (2020); *Stokeling v. United States*, 586 U.S. 73, 75 (2019) (stating inquiry as whether an element of the state offence "necessitates" the conduct required by federal law); *Door*, 917 F.3d at 1151; *Edling*, 895 F.3d at 1156. Conversely, if the state offense encompasses conduct not included within the federal definition—that is, if the state

9

offense sweeps more broadly—then the state offense is not a predicate crime of violence. *Johnson v. United States*, 559 U.S. 133, 137 (2010).

Under the categorical approach, "the facts of a given case are irrelevant." *Borden v. United States*, 593 U.S. 420, 424 (2021). "The focus is instead on whether the elements of the statute of conviction meet the federal standard." *Id*.

Here, the parties agree that Mr. Chavez-Echeverria's attempted first-degree assault conviction establishes that he intentionally engaged in conduct that constituted a "substantial step," as defined under state law, toward causing "serious physical injury to another by means of a deadly or dangerous weapon[.]" Or. Rev. Stat. §§ 163.185, 161.405(1); 1-ER-114. The issue on appeal is whether the conduct encompassed by the state "substantial step" standard necessarily required "the use, attempted use, or threatened use of physical force against the person of another" as federally defined under § 4B1.2(a)(1). Answering that question requires (1) identifying the meaning of "attempt" as that term is used in § 4B1.2 and (2) determining whether Oregon's attempt statute codifies a congruent or broader meaning.

10

**A.**     **The "attempted use" of physical force in § 4B1.2 incorporates the probable desistance test, which is narrower than the test established by the Model Penal Code commentary adopted by Oregon.**

This Court recently construed the meaning of the "attempted use"

component of a similarly worded and grammatically identical elements clause in

*United States v. Linehan*, 56 F.4th 693, 701 (9th Cir. 2022) (observing that "[t]he

'attempted use' component of elements clauses has received little independent

consideration in the case law"). In *Linehan*, this Court held that the phrase

"attempted use" in 18 U.S.C. § 373 (solicitation to commit a crime of violence)

referred to the "traditional meaning of 'attempt' as requiring an individual to

engage in conduct that reflects a 'substantial step' toward the wrongful end." *Id*. at

702. This Court elaborated by adopting the "substantial step" definition used in

federal inchoate attempt cases:

> To constitute a substantial step, conduct "must go beyond mere
> preparation and must be strongly corroborative of the firmness of a
> defendant's criminal intent." *United States v. Smith*, 962 F.2d 923,
> 930 (9th Cir. 1992) (quotations omitted). That is, "the defendant's
> conduct must (1) advance the criminal purpose charged, and (2)
> provide some verification of the existence of that purpose." *United
> States v. Goetzke*, 494 F.3d 1231, 1235-36 (9th Cir. 2007) (per
> curiam) (quoting *Walters v. Maass*, 45 F.3d 1355, 1358-59 (9th Cir.
> 1995)).

*Id.*[4]

To constitute a substantial step under that traditional meaning, the defendant's actions must "unequivocally demonstrate[] that the crime will take place unless interrupted by independent circumstances." *Goetzke*, 494 F.3d at 1237 (quoting *United States v. Nelson*, 66 F.3d 1036, 1042 (9th Cir. 1995) (internal quotation marks omitted)); *see also* Ninth Circuit Model Criminal Jury Instruction 4.4 (2022) (same). Stated differently, the "step toward commission of the crime must be of such substantiality that, unless frustrated, the crime would have occurred." *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1107 (9th Cir. 2009) (internal quotation marks and emphasis omitted). That standard, often described as the "probable desistance approach," establishes what constitutes a "substantial step" under federal law. *United States v. Garcia-Jimenez*, 807 F.3d 1079, 1088 (9th Cir. 2015) ("The probable desistance test is . . . incorporated into the federal generic definition of attempt."); *Hernandez-Cruz v. Holder*, 651 F.3d

---

[4] As discussed more below, this Court's reliance on *Walters v. Maass*, 45 F.3d 1355 (9th Cir. 1995) ("*Maass*"), is a bit confusing. In *Maass*, this Court quoted the substantial step test that the Oregon Supreme Court had held applied under Or. Rev. Stat. § 161.405, the state attempt statute. *Id.* at 1358-59. The state statutory test for attempt has no bearing on the meaning of attempt under federal law. It is not clear whether the *Maass* Court recognized that Oregon had adopted a more expansive test for attempt than the federal common law test.

12

1094, 1103 n.14 (9th Cir. 2011) (describing rationale for federal substantial-step test and citing to Wayne R. LaFave, Substantive Criminal Law § 11.4(c) (2d. 2003), which describes the probable desistance approach); Wayne R. LaFave, Substantive Criminal Law § 11.4(c) (2024) (explaining that, under the probable desistance approach, "the act required to establish a criminal attempt must be one which in the ordinary course of events would result in the commission of the target crime except for the intervention of some extraneous factor").

Under that standard, it is not enough that a defendant take certain "*necessary* steps, even when intent is unquestionably criminal." *Hernandez-Cruz*, 651 F.3d at 1102 (emphasis in original). Rather, the defendant's conduct must be such that "but for timely intervention, [his or her criminal purpose] would have been fully realized." *Id.* at 1103; *see also United States v. Buffington*, 815 F.2d 1292, 1302 (9th Cir. 1987) ("[T]here must be some appreciable fragment of the crime committed, [and] it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter." (Quoting *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir. 1974)); *United States v. Dominguez*, 954 F.3d 1251, 1258 (9th Cir. 2020), *vacated on other grounds*, __U.S.___, 142 S. Ct. 2857 (2022) (Mem.) (explaining that the attempt analysis under Ninth Circuit caselaw "center[s] on whether the defendants had progressed

13

far enough that, absent independent circumstances, they would complete the
[offense]").

Accordingly, in *United States v. Still*, 850 F.2d 607 (9th Cir. 1988), this
Court held that the defendant's conduct of donning a blond wig in his car, 200 feet
from a bank, was insufficient to constitute a substantial step toward the
commission of attempted bank robbery, notwithstanding his later statements to the
police that he intended to rob the bank. *Id*. at 610; *see also Buffington*, 815 F.2d at
1303 (evidence that the defendants had assembled disguises and materials
necessary for bank robbery, had cased the bank several times, and had exited their
vehicle, one disguised as a woman, armed, and focused on bank insufficient to
constitute attempt).

Similarly, in *Maass*, relying in part on federal attempt law, this Court
overturned convictions that had been *reinstated* by the Oregon Supreme Court. 45
F.3d at 1359-60. This Court concluded that the defendant's repeated efforts to lure
his underage victim into his truck were insufficient to establish attempted sodomy
or attempted rape—crimes the defendant had committed using exactly the same
ruse on a prior occasion—because the luring did not "strongly corroborate[]" the
defendant's intent to commit those crimes. 45 F.3d at 1359-60 (citing *United States
v. Scott*, 767 F.2d 1308, 1311 (9th Cir. 1985); *United States v. Plenty Arrows*, 946

14

F.2d 62, 66 (8th Cir. 1991)); *see also United States v. Harper*, 33 F.3d 1143, 1147 (9th Cir. 1994) (holding that evidence that defendants, who were found armed, with latex gloves, duct tape, and a stun gun adjacent to an ATM machine at which one defendant had set a "bill trap" to draw service personnel for repair, was insufficient to support attempted bank robbery convictions).

Importantly, the probable desistance standard articulated in *Linehan* and its predecessors departs from what the Model Penal Code commentary conceives as a "substantial step" necessary for an attempt. *See* LaFave, Substantive Criminal Law § 11.4(e) n. 77, 79 (describing Model Penal Code commentary and distinguishing *Maass*, *Harper*, *Still*, and *Buffington*).[5] As commentary to the Model Penal Code illustrates, conduct that this Court has repeatedly held to be *insufficient* to constitute a "substantial step" for purposes of an attempt under the probable desistance approach, *would* suffice under the Model Penal Code commentary as

_____

[5] As LaFave notes, "states which have followed the [MPC] approach in other respects have for the most part declined to enumerate the[] categories [in the MPC commentary] by statute." LaFave, Substantive Criminal Law § 11.4(e). Some states have further held that failure to adopt the MPC commentaries reflects a legislative determination that those categories should not control what constitutes a "substantial step." *Id*. at n.73. Notably, judges in this Court have expressed concern about the breadth of "substantial step" standard adopted in Oregon law. *See Maass*, 45 F.3d at 1361 (Tang, J., dissenting) (observing that "Oregon appears on the verge of criminalizing pure (albeit bad) thought").

15

"strongly corroborative of the actor's criminal purpose." Model Penal Code §
5.01(2); LaFave, Substantive Criminal Law § 11.4(e), n.77, 79. This includes
examples rejected under federal law such as:

- "enticing or seeking to entice the contemplated victim of the crime to go
  to the place contemplated for its commission," *compare Maass*, 45 F.3d
  at 1360 (overturning the defendant's convictions for attempted rape and
  attempted sodomy based on insufficient evidence); *Harper*, 33 F.3d at
  1148 (observing that there is a "substantial difference between causing a
  bill trap, which will result in the appearance of potential victims, and
  moving toward such victims with gun and mask"); and

- "reconnoitering the place contemplated for the commission of the crime,"
  *compare Still*, 850 F.2d at 610 (insufficient evidence to support attempted
  robbery conviction where evidence did not establish "actual movement
  toward the bank or actions that are analytically similar to such
  movement"); *Buffington*, 815 F.2d. at 1303 (holding insufficient evidence
  to support attempted bank robbery convictions notwithstanding that the
  defendants were "found to be armed and may have appeared to be
  reconnoitering" the bank).

16

As those examples illustrate, the Model Penal Code commentary departed from traditional, probable desistance approach adhered to in federal law.

**B.    Oregon defines "substantial step" in Or. Rev. Stat. § 161.405(1) consistently with the Model Penal Code commentary; that construction has not changed.**

Under Oregon Revised Statute § 161.405(1), "[a] person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

Although that statutory definition of attempt appears superficially similar to the federal definition, the Oregon legislature adopted a significantly broader definition of a substantial step when it revised its Criminal Code in 1971. *State v. Walters*, 311 Or. 80, 85-86, 804 P.2d 1164 (1991). As the Oregon Supreme Court in *Walters* explained, "ORS 161.405 codifies the Model Penal Code's 'substantial-step' test for distinguishing acts of preparation from an attempt[,]" *id.* at 85 (footnotes omitted), which marked a departure from earlier Oregon law:

> Before the adoption of the "substantial-step" test, Oregon law defined an attempt to commit a crime as "an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual consummation, *and possessing,* except for failure to consummate*, all the elements of the substantive crime.*" *State v. Moore,* 194 Or. 232, 242, 241 P.2d 455 (1952) (emphasis in original). That is no longer the test. The substantial-step test includes, as an "attempt," conduct that is more remote from the attainment of the criminal objective than was the case under prior Oregon law. Criminal Law Revision Commission Minutes, December 13, 1969 (Professor

17

Platt stated that the substantial-step test "would tend to move back the line between preparation and attempt to allow the police authorities to intervene sooner than under present [Oregon] law").

*Id.* at 85 n. 8 (brackets in original). Under the substantial step test codified at Or. Rev. Stat. § 161.405, the *Walters* Court explained, a defendant's conduct is sufficient if it "(1) advance[s] the criminal purpose charged and (2) provide[s] *some verification* of the existence of that purpose." *Id.* at 85 (emphasis added).[6]

Importantly, that test derived from Oregon's "approv[al]" of the Model Penal Code commentary explicating the meaning of a "substantial step" in its legislative history. That commentary illustrated acts that had been held to be insufficient to establish a "substantial step" under various common law tests, but would be sufficient under the Model Penal Code's definition of "substantial step." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal

---

[6] As previously noted, in *Maass* and subsequent cases this Court has invoked the *Walters* test when explaining the federal probable desistance standard. *E.g.*, *Maass*, 45 F.3d 1358-59 (quoting *Walters*, but also explaining that a substantial step requires "an 'overt act' . . . [which in] the likely course of things will result in the commission of the particular crime" and citing federal caselaw). For example, in *Goetzke*, this court quotes the *Walters* test from *Maass*, but also articulates the probable desistance standard for substantial step. 494 F.3d at 1236-37 ("To constitute a substantial step, a defendant's actions must . . . unequivocally demonstrate[e] that the crime will take place unless interrupted by independent circumstances." (Internal quotation marks omitted.)). Again, is not clear whether the *Maass* Court understood that Oregon had adopted a broader substantial-step test than the probable desistance test when it enacted Or. Rev. Stat. §161.405.

18

Code, Final Draft and Report § 54 (July 1970); [7] *Walters*, 311 Or. at 85 ("We note that the Model Penal Code specifies a number of situations that 'shall not be held insufficient as a matter of law if' if they are strongly corroborative of the actor's criminal purpose."). Relying on that commentary, the Oregon Supreme Court in *Walters* held that the defendant's persistent efforts to lure a 13-year-old girl into his pickup truck constituted a "substantial step" toward the commission of attempted kidnapping, attempted rape, and attempted sodomy. 311 Or at 86.

The Oregon Supreme Court has construed ORS 161.405 twice since its decision in *Walters*, but neither of those cases shifted the point at which a defendant's conduct constitutes a "substantial step" under Oregon law. In the first case, *Kimbrough*, the court considered two issues: (1) whether a defendant's conduct of soliciting a hitman (who did not exist) to commit aggravated murder constituted a "substantial step" and (2) whether Oregon's statutory scheme precluded a bare act of solicitation from constituting an attempt. 364 Or. at 72-73. As to the first issue, the Oregon Supreme Court held that the defendant's conduct could constitute a "substantial step" notwithstanding the fact that the hitman did

---

[7] The Commission's Final Draft and Report is available on the Oregon State Archives website, https://sos.oregon.gov/archives/Pages/records/criminal-law.aspx (last visited February 19, 2025).

not exist. *Id*. at 75. As to the second issue, the Oregon Supreme Court held that the Oregon legislature intended for a person to be liable for the inchoate crime of attempt only for those acts that the person intended to personally engage in, not for acts in support of another person's commission of an offense. *Id*. at 76-90. In other words, the principle that distinguishes attempt from solicitation is not at which point between mere preparation and completion of the offense the conduct falls (i.e., whether the acts constitute a "substantial step"), but whether the defendant intends to personally engage in the offense conduct.[8]  In explaining its reasons for the latter holding, *Kimbrough* affirmed its earlier conclusion in *Walters* that the legislature intended for the Model Penal Code commentary "to guide judicial interpretation of term of 'substantial step.'" *Id.* at 86.

The second case, *State v. Kyger*, 369 Or. 363, 506 P.3d 376 (2022), also does not concern the range of conduct encompassed by Oregon's definition of "substantial step." The issue in that case was whether the state had properly charged the defendant with the aggravated form of attempted murder, which

---

[8]     The Oregon Supreme Court recognized two narrow exceptions to the general rule that solicitation and attempt do not overlap, when the defendant is soliciting a person to commit a joint offense (e.g., bribery) and when the defendant solicits an *innocent* agent to engage in conduct constituting a substantial step. Neither of those narrow exceptions are material to this Court's analysis. *Kimbrough*, 364 Or. at 88-89.

20

required "more than one murder victim." *Id.* at 364. In the defendant's view, the aggravating circumstance—the existence of more than one murder victims—was not properly charged because a person cannot "attempt" to commit a circumstance element of an offense. *Id.* The Oregon Supreme Court's analysis and rejection of that argument was conceptually unrelated to and did not alter its prior construction of "substantial step" in *Walters*. *Id.* at 377-81.[9]

Finally, both before and after the Oregon Supreme Court's decision in *Walters*, the Oregon Court of Appeals has relied on the legislatively adopted Model Penal Code commentary to construe the scope of "substantial step" for purposes of applying Or. Rev. Stat. §161.405. *E.g.*, *State v. Muzzy*, 190 Or. App. 306, 326-29, 79 P.3d 324 (2003) (relying on construction of substantial step articulated in *Walters* and Model Penal Code commentary); *State v. Jessen*, 162 Or. App. 662, 668, 986 P.2d 684 (1999) (relying on construction of substantial step in *Walters*); *State v. Rinkin*, 141 Or. App. 355, 362-63, 917 P.2d 1035 (1996)

---

[9] The district court also relied on *State v. Hubbell*, 371 Or. 340, 537 P.3d 503 (2023). *Hubbell* overturned caselaw that had construed the phrase "attempted transfer" in the delivery statute, Or. Rev. Stat.§ 475.752(1), based on the meaning of "substantial step" in Or. Rev. Stat. § 161.405(1), the inchoate crime of attempt. The Oregon Supreme Court's analysis in *Hubbell* changed how Oregon courts understand "attempt" for purposes of Or. Rev. Stat. 475.752(1), not Or. Rev. Stat. § 161.405(1), and thus has no bearing on the issue before the Court in this case.

(relying on construction of substantial step articulated in *Walters* and Model Penal Code commentary); *State v. McJunkin*, 27 Or. App. 401, 405, 556 P.2d 164 (1976) (relying on Model Penal Code commentary). The Oregon Court of Appeals has further explicitly recognized that it is bound by the Oregon Supreme Court's interpretation as to what evidence is sufficient under its attempt standard, notwithstanding this Court's contrary conclusion in *Maass*. *Rinkin*, 141 Or. App. at 365 (observing that standard in *Maass* "do[es] not 'control' this, or any other state court"); *Jessen*, 162 Or. App. at 668 n. 4 (same).

In sum, the Supreme Court in *Walters* held that Oregon attempt incorporates the Model Penal Code's commentary regarding what conduct is legally sufficient to constitute a substantial step under Oregon law. That holding was affirmed in *Kimbrough* and has been adhered to by the Oregon Court of Appeals. Because Oregon's definition of 'substantial step" sweeps more broadly than the federal probable desistance definition, Mr. Chavez-Echeverria's conviction for attempted first-degree assault is not a "crime of violence" for purposes of increasing his base offense level under the Sentencing Guidelines. Thus, the district court erred in including the 4-level adjustment to Chavez-Echeverria's base offense level under U.S.S.G. § 2K2.1.

22

## CONCLUSION

For the foregoing reasons, this Court should vacate defendant's sentence and remand for resentencing.

Dated: February 24, 2025.

*/s/ Erin J. Severe*
Erin J. Severe

*/s/ Tihanne K. Mar-Shall*
Tihanne K. Mar-Shall

Attorneys for Defendant-Appellant

## STATEMENT OF RELATED CASES

I, Tihanne Mar-Shall, undersigned counsel of record for defendant-appellant, Jessie Chavez-Echieverria, state pursuant to the Ninth Circuit Court of Appeals Rule 28-2.6, that the following case should be deemed related with respect to the scope of Oregon attempt: *United States v. Moore*, No. 23-30034 (9th Cir.).

Dated: February 24, 2025.

*/s/ Tihanne K. Mar-Shall*
Tihanne K. Mar-Shall
Attorney for Defendant-Appellant

# ADDENDUM OF CONSTITUTIONAL PROVISIONS, STATUTES, RULES, AND GUIDELINES

Defendant sets out the following addendum of relevant constitutional

provisions, statutes, rules, and guidelines. Fed. R. App. Pro. 28(f).

## Federal Statutes

18 U.S.C. § 922 provides, in pertinent part:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

## Oregon Statutes

Or. Rev. Stat. § 163.185 provides in pertinent part:

(1) A person commits the crime of assault in the first degree if the person:

(a) Intentionally causes serious physical injury to another by means of a deadly or dangerous weapon[.]

. . . .

(3) Assault in the first degree is a Class A felony.

Addendum-1

Or. Rev. Stat. § 161.405(1) provides in pertinent part:

> (1) A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime.

> (2) An attempt is a:

> . . . .

> (b) Class B felony if the offense attempted is a Class A felony.

**United States Sentencing Guidelines**

U.S.S.G. § 4B1.2 provides:

> (a) Crime of Violence—The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 2K2.1 provides:

> (a) Base Offense Level (Apply the Greatest):

> . . . .

> (2) 26, if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed

Addendum-2

any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense;

(3) 22, if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 24-4723

I am the attorney or self-represented party.

**This brief contains** 4,940 **words,** including [ ] words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
 ☐ it is a joint brief submitted by separately represented parties.
 ☐ a party or parties are filing a single brief in response to multiple briefs.
 ☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [ ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s Erin J. Severe **Date** 2/24/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** *Rev. 12/01/22*